**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ERAN INDUSTRIES, INC.,** | ) | |
| **a Nebraska Corporation,** | ) | |
| | ) | **8:06CV51** |
| **Plaintiff,** | ) | |
| | ) | **PROTECTIVE ORDER** |
| **vs.** | ) | |
| | ) | |
| **GP INDUSTRIES, LLC,** | ) | |
| **a Nebraska Limited Liability Company,** | ) | |
| **LANCE D. BAILEY,** | ) | |
| **RANDALL R. BAILEY,** | ) | |
| **BRIAN M. BECK,** | ) | |
| **DAVID R. HERDRICH,** | ) | |
| **JOSHUA HESSE and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the parties' Joint Motion for Entry of Stipulated Protective Order (Filing No. 26). The motion is granted as set forth below.

WHEREAS, discovery in the above-entitled action will involve the production of information, which the producing parties, or persons claim to be confidential information;

Pursuant to Rule 26(c) the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED by the parties through their respective counsel of record that:

1.      In connection with discovery and other proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom (whether by document, by deposition testimony, by interrogatory answer, request to admit or in any Motion, pleading, affidavit, declaration, brief or other document submitted to this Court or otherwise), as "Confidential Material" under the terms of this Protective Order (hereinafter "Order"). "Confidential Material" is any so-designated document, thing, material, testimony, or other derived information that is, includes, or constitutes information which the producing party has a good faith basis for contending is a non-public trade secret, or confidential technical, scientific, commercial, business or financial information, or otherwise confidential to its business.

2.      Documents, things, or other tangible materials to be designated as Confidential Material shall be designated as such by stamping on each page of the copies

of the document or thing produced to a party with the legend "CONFIDENTIAL," or by otherwise affixing to the thing produced a label with such designation. Where only portions of a document or interrogatory answer are claimed to be confidential, the producing party shall designate the parts of said materials for which confidentiality treatment is claimed, and only those portions shall be subject to this Order. The failure of a party to designate in the first instance material as Confidential Material shall not preclude that party from subsequently designating the material as Confidential Material.

3.     Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential Material by a statement by an attorney of one of the parties to that effect on the record at the deposition or other proceeding, or by written notice to the opposing party within five (5) business days of receipt of a transcript thereof. If such designation is made during the course of a deposition, counsel for a party or the witness may request all persons, except persons entitled to receive such information pursuant to this Order and the stenographer, to leave the room where the deposition or testimony is proceeding until completion of the answer or answers containing such confidential information and the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face, and if possible, each page of the transcript with the appropriate designation and seal it in a separate envelope. The failure of a party to designate in the first instance testimony as Confidential Material shall not preclude that party from subsequently designating the testimony as Confidential Material. No party shall disclose in any manner, testimony information, whether designated as Confidential Material or not, prior to five (5) business days after receipt of the transcript thereof. The designation of testimony as Confidential Material may be "temporary," with such designation being removed by the designating party as the circumstances may thereafter dictate. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Material, and to label such portions appropriately.

4.     Confidential Material may be further designated as "ATTORNEYS EYES ONLY" that the producing party claims relates to non-public highly competitive trade secret, customer or business information, or similarly highly confidential and sensitive technical, scientific, commercial, business, or financial information, or future business or marketing

plans or strategy.  Such a designation shall be made in a manner similar to that set forth in Paragraphs 2 or 3 above, except that the phrase "ATTORNEYS EYES ONLY" shall be stamped on or affixed to the Confidential Material along with the phrase "CONFIDENTIAL," or in the case of testimony, the party designating such as "Attorneys Eyes Only" Confidential Material shall state or provide written notice of such designation at the time that the testimony is designated as Confidential Material.  Confidential Material that has been further designated "ATTORNEYS EYES ONLY" in the manner set forth in this paragraph shall be subject to all the provisions of this Order regarding Confidential Material, and shall be further subject to the restricted access set forth in Paragraph 7 below.  The references to Confidential Material in this Order shall be construed to refer both to Confidential Material designated with the phrase "CONFIDENTIAL" and to Confidential Material designated with the phrase "CONFIDENTIAL - ATTORNEYS EYES ONLY," except as otherwise indicated.

5.     Documents, things, material, testimony, or other derived information designated as Confidential Material under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from such Confidential Material shall be used only for the purpose of the prosecution, defense, or settlement of this action, and not for any business or other purpose whatever, unless under legal compulsion in connection with a court case or other governmental administrative proceeding.  In such event, the party from whom production is sought will promptly advise the designating party of such legal compulsion and both parties agree to cooperate in a good faith attempt to protect such Confidential Material, be it through objections, motion to quash, protective order or otherwise.

6.     Confidential Material, including any information contained in or derived from Confidential Material, may be disclosed only to the following persons:

a.     This Court and any court to which an appeal in this action might lie, and the "support personnel" of each such Court, as well as trial jurors;

b.     The retained outside counsel advising the parties with respect to this action and their associate attorneys and their "support personnel" whose functions require access to such material, provided that such outside

counsel have signed a statement in the form attached hereto as Exhibit A that they have read this Order and agree to be bound by its terms;

c.     James Bachman of ERAN Industries, David Herdrich of GP Industries, and the individuals named as defendants; each having signed a statement in the form attached hereto as Exhibit A that they have read this Order and agreed to be bound by its terms and who are assisting in this action;

d.     Outside vendors who perform microfiching, photocopying, computer classifications or similar clerical functions and who are assisting in this action, but only for so long as necessary to perform those services;

e.     Court reporters at depositions or hearings and their "support personnel" engaged in preparing transcripts of testimony or hearings for this action;

f.     Independent experts and consultants that are retained or consulted by outside counsel of record solely for the purpose of consultation or for assistance in the preparation or prosecution of claims or defenses in this action and not a competitor of the party designating the Confidential Material, and the employees of such experts and consultants who are assisting them, provided: (i) each has signed a statement in the form attached hereto as Exhibit A that they have read this Order and agree to be bound by its terms; and (ii) that the party wishing to disclose such information provides opposing counsel with the identity and curriculum vitae (including present occupation, employer and any other business affiliation) of each individual on or before the first day of trial, or within ten (10) days after receipt of a fully executed settlement agreement or order of dismissal of this entire litigation, whichever is applicable.

g.     Deposition and trial witnesses who either (i) are an officer, director, partner, attorney, employee or agent of the producing party, or (ii) are entitled to be shown the document or information by reason of clause f. above, or (iii) any other individual agreed to by the parties and who has

signed a statement in the form attached hereto as Exhibit A that they have read this Order and agree to be bound by its terms; and

h.      Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

7.      Confidential Material that is further designated as "Attorneys Eyes Only" may be disclosed to all of the persons identified in Subparagraphs a, b, and d-h of Paragraph 6 above.

8.      Any non-party that produces information that qualifies as Confidential Material under this Order (whether by document, by deposition testimony, by interrogatory answer, or otherwise) in the course of discovery herein may designate such produced information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" as specified in this Order and thereby obtain protection pursuant to the terms and conditions of this Order for such designated information.  Neither non-parties, nor any of their representatives, shall have any right to access any material or information produced by a party or another non-party that has been designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY", without the prior written approval of the producing party or other non-party.

9.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material legally obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material or Attorneys Eyes Only Material as it deems appropriate.

10.     If Confidential or Attorneys Eyes Only Material, including any portion of a deposition transcript designated as Confidential Material or Attorneys Eyes Only Material, is included in any papers to be filed in Court, such papers shall be labeled on each page "Confidential Subject to Court Order" and filed under seal until further order of this Court. Such documents shall be filed in a sealed envelope upon which shall be endorsed the style of this action, the general nature of the contents of the envelope, and the following legend: "THE MATERIALS CONTAINED IN THIS ENVELOPE ARE SUBJECT TO AN ORDER TO SEAL DATED _____ AND SHALL, EXCEPT UPON FURTHER ORDER OF THE

COURT, BE MADE AVAILABLE ONLY TO COUNSEL OF RECORD OF THE PLAINTIFF AND DEFENDANTS, AND THIS COURT'S SUPPORT PERSONNEL."

11.     In the event that any Confidential Material or Attorneys Eyes Only Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Material or Attorneys Eyes Only Material shall preserve its confidentiality during such use.

12.     All Confidential Material or Attorneys Eyes Only Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated in the manner set forth in other parts of this Order shall be designated by the producing party by informing the receiving party in writing.  The failure of a party to designate in the first instance material as Confidential Material or Attorneys Eyes Only Material shall not preclude that party from subsequently designating the material as Confidential Material or Attorneys Eyes Only Material.

13.     This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether the use of this Order should be restricted, (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein, or (iii) to bring before the Court at any time a motion to change the designation of any confidential material from the classification of "ATTORNEYS EYES ONLY" to "CONFIDENTIAL," or from "CONFIDENTIAL" to non-confidential regardless of whether the material was produced by a party or third-party.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.  Until the Court rules on such a motion, the documents and information in question shall be treated in accordance with this Order under the designation being challenged by the motion.

14.     A producing party may notify the other parties that documents that should have been designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" under the terms of this Order were inadvertently produced without being designated as such.  Upon receiving such notice from the producing party, the party receiving such notice shall immediately treat the document as if it had been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such

notice.  Also within five (5) business days of receipt of such notice, the receiving party shall notify in writing all individuals who, to the best of the receiving party's attorney's knowledge or recollection, have seen, had access to, or learned the contents of, such documents, that such documents are "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" and that further disclosure by them is strictly prohibited.  On or before the first day of trial, or within ten (10) days after receipt of a fully executed settlement agreement or order of dismissal of this entire litigation, whichever is applicable, the receiving party shall provide the producing party with copies of the written notifications and an accompanying list of the individuals to whom disclosure has or may have been made. Nothing in this paragraph shall apply to those persons designated in Paragraph 6, or Paragraph 7 of this Order, as applicable. Except as otherwise provided in Paragraph 3 of this Order, no party shall be held in breach of this Order if, before receipt of such notice, any documents inadvertently produced without being designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" were disclosed to any person(s) not authorized to receive "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" material under this order.

15.    Any party's failure to challenge a designation of any document or information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" pursuant to this Order shall be without prejudice to the right of any party to contest the substantive legal status of such designated material as trade secret or confidential material.

16.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order or the production of any information or documents under the terms of this Order or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17.    This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material or Attorneys Eyes Only Material is not or does not become generally known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within twenty (20) days following the termination of this case, counsel for the parties shall assemble and

return to each other all documents, material and deposition transcripts designated as CONFIDENTIAL or ATTORNEYS EYES ONLY and all copies of same, or shall certify the destruction thereof, except that counsel may retain solely for archival purposes all deposition transcripts and exhibits, whether or not designated as CONFIDENTIAL or ATTORNEYS EYES ONLY. For the purposes of this agreement, "termination of this case" shall mean either the settlement of this lawsuit or the exhaustion of all appeals or other judicial review which may be brought by either party, including petition for writ or certiorari to the United States Supreme Court or the expiration of all time periods which would permit such appeals or judicial review.

18.    Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order shall constitute a waiver of any claim or defense in the trial of this action or any other action, including, but not limited to, the claim of defense that any such information is or is not proprietary to any party or other person or that such information embodies trade secrets of any party or other person. The procedures set forth herein shall not affect the rights of the parties or other person to object to discovery on any permissible grounds. Nor shall they relieve a party of the necessity of proper response to discovery devices.

19.    This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or other person with respect to any "CONFIDENTIAL" information or documents or "ATTORNEYS EYES ONLY" information or documents. The fact that information is designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. Absent a stipulation of the parties or otherwise permitted by the Court, the fact of such designation shall not be admissible during the trial of this action, nor shall the jury be advised of such designation, except to the extent revealed by the designations "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" on Exhibits presented to the court and/or to the jury. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether such information is confidential or proprietary.

20.    This Protective Order shall apply to any and all copies, writings, and notes made from or derived from information or documents designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."   The parties agree forthwith to submit this Stipulated Protective Order to the Court to be "So Ordered" and further agree that, prior to approval by the Court, this Stipulated Protective Order shall be effective as if approved.

DATED this 29th day of March, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge


Approved as to form:
Attorneys for Plaintiff
/s/ Michael B. Hurd
Michael B. Hurd
HOVEY WILLIAMS LLP
2405 Grand Boulevard, Suite 400
Kansas City, Missouri 64108-2519
(816) 474-9050 Phone
(816) 421-9057 Fax


Paul R. Elofson, #16234
MCGILL, GOTSDINER,
WORKMAN & LEPP, P.C., L.L.O.
11404 West Dodge Road, Suite 500
Omaha, NE  68154-2584
402-492-9200 Phone
402-492-9222 Fax

Attorneys for Defendants
 /s/ Todd E. Zenger
 Todd E. Zenger
 KIRTON & MCCONKIE
 60 East South Temple Street
 Eagle Gate Tower Suite 1800
 Salt Lake City, Utah 84111
 (801) 328-3600 Phone
 (801) 321-4893 Fax


 Roger L. Shiffermiller, #19127
 FRASER, STRYKER, MEUSEY,
 OLSON, BOYER & BLOCH, PC
 500 Energy Plaza
 409 South 17th Street
 Omaha, NE  68102-2663
 (402) 341-6000 Phone
 (402) 341-8290 Fax

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **ERAN INDUSTRIES, INC.,** | ) | |
| **a Nebraska Corporation,** | ) | |
| | ) | **8:06CV51** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GP INDUSTRIES, LLC,** | ) | |
| **a Nebraska Limited Liability Company,** | ) | |
| **LANCE D. BAILEY,** | ) | |
| **RANDALL R. BAILEY,** | ) | |
| **BRIAN M. BECK,** | ) | |
| **DAVID R. HERDRICH,** | ) | |
| **JOSHUA HESSE and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

In consideration of the disclosure to me or production by me of certain information, which is or, upon production, may be designated as subject to a Protective Order of the Court, I agree as follows:

1.      I have read the Protective Order in this case and I agree to be bound by its terms.

2.      I understand that if I violate the terms of the Protective Order, I may be subject to a contempt of court proceeding.

3.      I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Protective Order.

Dated: _____, 2006

_____
(Signature)

_____
(Print Name)

_____

_____
(Address)